714 S.E.2d 279

**In the Matter of Jody Vavra BENTLEY, Respondent.**

**No. 27019.**

Supreme Court of South Carolina.

Submitted July 12, 2011.

Decided Aug. 8, 2011.

Lesley M. Coggiola, Disciplinary Counsel, Sabrina C. Todd, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Harvey MacLure Watson, III, of Ballard, Watson & Weissenstein, of West Columbia, for respondent.

PER CURIAM.

In this attorney disciplinary matter, the Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to the imposition of a definite suspension not to exceed two (2) years. *See* Rule 7(b), RLDE, Rule 413, SCACR. She requests the suspension be made retroactive to the date of her interim suspension.[1] We accept the Agreement and impose a definite suspension of two years, retroactive to the date of respondent's interim suspension. The facts, as set forth in the Agreement, are as follows.

## FACTS

Respondent was admitted to the South Carolina Bar in 1989. For most of her career, respondent was a sole practitioner. In September 2008, respondent was diagnosed with breast cancer. She underwent treatment, including chemotherapy, surgery, and radiation.

---

1. Respondent was placed on interim suspension on September 18, 2009. *In the Matter of Bentley,* 384 S.C. 538, 683 S.E.2d 477 (2009).

*Matter I*

In May 2005, Complainant A hired respondent to pursue her claims arising from an automobile accident. Respondent did not keep Complainant A adequately informed about the status and progress of her case and failed to adequately respond to her reasonable requests for information.

In December 2008, Complainant A began trying to reach respondent by telephoning her office. At that time Complainant A had not heard from respondent since October 2008. As of February 2, 2009, the date of Complainant A's letter to ODC, respondent had not responded to any of Complainant A's telephone calls. Respondent had closed her office as a result of her health problems, but did not give proper notice to Complainant A or take steps to protect her interests.

Although respondent did respond to ODC's initial inquiry, she submitted her response more than one month after it was due. After her initial response, she did not respond to further inquiries from ODC regarding the complaint or otherwise cooperate with ODC's investigation. Her telephone number on file with the South Carolina Bar was disconnected. All of ODC's certified mail regarding this matter was returned unclaimed.

*Matter II*

Respondent represented several individuals injured in an automobile accident. She failed to keep her clients adequately informed of the status and progress of their case. In her initial response to the complaint in this matter, respondent indicated her clients' case was expected to be called for trial soon, but noted she was under an order of protection because of her medical condition. She indicated that, because of her medical problems, she intended to refer her clients to new counsel.

Sometime after her response in this matter, respondent closed her law office. However, she did not refer her clients to new counsel and stopped communicating with opposing counsel and the court. Further, respondent stopped communicating with ODC and stopped cooperating with its investigation into this matter.

## *Matter III*

Respondent failed to maintain adequate and accurate records of the funds she held in her trust account. She also commingled her personal funds with those she was holding in trust by failing to timely remove earned fees and expended costs from the account.

Respondent represents she failed to timely remove these funds because of her mistaken belief that a minimum account balance was required to avoid monthly fees. Because of respondent's inadequate financial recordkeeping and her commingling of funds, she was unable to identify the owner(s) of more than $5,500 in her trust account at the time she was placed on interim suspension.

## *LAW*

Respondent admits that her misconduct constitutes grounds for discipline under Rule 413, RLDE, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers) and Rule 7(a)(3) (it shall be ground for discipline for lawyer to knowingly fail to respond to a lawful demand for information from a disciplinary authority). In addition, respondent admits she has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation to client); Rule 1.2 (lawyer shall consult with client about objectives of representation); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4 (lawyer shall keep client reasonably informed about status of a matter, promptly comply with reasonable requests for information, and explain matter to extent reasonably necessary to permit client to make informed decisions regarding the representation); Rule 1.15(a) (lawyer shall hold client funds separately from lawyer's own funds); Rule 1.16 (upon termination of representation, lawyer shall take steps to the extent reasonably practicable to protect client's interests, including reasonable notice to client); Rule 8.1(b) (lawyer shall not knowingly fail to respond to lawful demand for information from disciplinary authority); and Rule 8.4(a) (it is professional misconduct for lawyer to violate the

Rules of Professional Conduct). Respondent further admits she violated the recordkeeping provisions of Rule 417, SCACR.

## CONCLUSION

We accept the Agreement for Discipline by Consent and impose a definite suspension of two years, retroactive to the date of respondent's interim suspension. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that she has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.